UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN A. ARETAKIS, FR. ROBERT M. HOATSON
and CAROLINE NICHOLSON,

                           Plaintiffs,                         **Docket No. 08-Civ-9712**
                                                      **RMB)**

                 -against-

COMMITTEE ON PROFESSIONAL STANDARDS,
MARK OCHS, Individually and as Chief Attorney of the
COMMITTEE ON PROFESSIONAL STANDARDS,
MICHAEL GAYNOR and WILLIAM KENIRY,

                           Defendants.

_____

## COMPLAINT

      Plaintiffs, for their complaint against the Defendants, jointly and severally and in their individual capacities, alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.     This action commenced on behalf of Plaintiffs is brought for equitable relief to declare (Admonishment Charges) Sections 1-102(A) (4), 1-102(A) (5), 1-102(A) (7), 7-102(A) (1), of the New York Code of Professional Responsibility (hereinafter the "Code") facially unconstitutional, and to declare the Defendants' interpretation and application (Specifications and Charges) of Sections 1-102(A) (4), 1-102(A) (5), 1-102(A) (7), 7-102(A) (1), 7-102(A) (5), 7-102(A) (5), 7-106(c) (6) and 8-102(B) unconstitutional as applied against Plaintiff John A. Aretakis in a Formal Written Admonishment and Specifications and Charges, respectively that immediately threatens the law license and property of the Plaintiff Aretakis in an improper and

illegal manner.

2.      The Plaintiff Aretakis is one of only two attorneys in New York State who has and represents over 250 claims involving victims who have alleged sexual abuse by priests.

.    3.      Defendant Mark Ochs, Chief Attorney and Counsel to the Committee on Professional Standards (hereinafter "COPS") and the Committee has an office in the City and County of Albany and State of New York.

4.      Defendants COPS and Ochs have investigated multiple Chief Attorneys Inquiries that have as their basis cases handled by Aretakis venued in New York County.

5.      Defendant Michael Gaynor has been the attorney assigned to investigate multiple complaints and Chief Attorney's Inquiries involving cases handled by Aretakis venued in New York County.

6.      The Defendant William Keniry, upon information and belief, sits on the Executive Committee of the Defendant COPS, and is a private attorney, upon information and belief, who practices in and around parts of the Third Department and the First Department.

7.      Defendant Mark Ochs is and has been the Chief Attorney for COPS for all relevant times herein, and at least since 2002, when Defendant COPS and Defendant Ochs commenced approximately thirty-five to forty ethical complaints, investigations and chief attorney's inquiries against the Plaintiff, including the two matters herein.

8.      Defendants are sued in their individual and official capacities.

## JURISDICTION AND VENUE

9.      This action arises under the Constitution of the United States, Amendments I and XIV and 42 USC §§1983 and 1988 and the equitable powers of this Court.  Jurisdiction is conferred on this Court by 28 USC §§ 1330, **1**331, 1343 and 2201.

10.    Venue is proper in .this district pursuant to 28 USC §1391(B) in that, upon information and belief, Defendant COPS has prosecuted cases venued in New York County against John A. Aretakis, and on matters involving New York City and New York County matters and litigants; and because Attorney Aretakis has a primary residence in New York County.

**FACTS**

11    From on or about January 1986 until the present, Aretakis was and is an attorney in good standing in the State of New York, and has a primary residence in the State of New York and City of New York, and has an office for the practice of law in New York City only.

12.    The Plaintiff attended Albany Law School and graduated in 1985, and after passing the Bar in 1985, was sworn into the Third Department in 1986.

13.    From 1989 to the present, the Plaintiff has primarily practiced law and maintained a law office only in New York City and New York County.

14.    Since 1989, a significant majority of the Plaintiff's cases, clients and work is in New York City and the surrounding counties.

15.    Each and every complaint, Chief Attorney Inquiry, letter and other investigations of the Defendants have been sent to, and served on the Plaintiff Aretakis at a New York City address only.

16.    The Defendants, by and through their interpretation of the Code, and by their application of the Code, to Plaintiff John A. Aretakis, are infringing upon and have restricted and chilled Plaintiff John A. Aretakis' constitutional rights, including his right to free speech, equal protection, and right of association and due process rights as guaranteed by the United States and New York Constitutions, the right to not have his property taken, seized or affected by the

government without due process and the Defendants have attempted to and have selectively enforced the Code and has violated the Plaintiff Aretakis; other constitutional and due process rights.

17.     The Defendants have also intentionally misused and misinterpreted collateral estoppel when collateral estoppel does not apply.  The Defendant COPS has convinced its employer and supervisor, the Appellate Division, Third Department that collateral estoppel applies to the Specifications and Charges when same does not apply as will be set out hereafter.

18.     The Defendants have and are currently taking property of the Plaintiff without due process, just cause and in an illegal and unconstitutional manner, and have attempted to and have actually punished and harmed the Plaintiff Aretakis in bad faith**,** using and based upon unconstitutionally vague and ambiguous sections of the Code and selectively enforced same in October 2008.

19.     The Defendants, by and through their interpretation of the Code, and by their application of said Code, infringe upon Plaintiff Fr. Robert Hoatson's Constitutional rights to free speech, equal protection, and right of association and right to the counsel of his choosing, as guaranteed by the United States arid New York Constitutions.

20.     The Defendants, by and through their interpretation of the Code, and by their application of said Code, infringe upon Plaintiff Caroline Nicholson's Constitutional rights to free speech, equal protection, and right of association, as guaranteed by the United States arid New York Constitutions

21.     The Defendants by and through their interpretation of the Code, and by their application of said Code, infringe upon Plaintiffs Caroline Nicholson and Fr. Robert M. Hoatson's Constitutional rights to free speech, equal protection, and right of association, the

4

right to have and use competent counsel of their choice as guaranteed by the United States and New York Constitutions.  These Plaintiffs have separate and distinct claims and are not derivative claims from the Plaintiff Aretakis.

22.    The Plaintiffs will all suffer immediate and irreparable harm should the requested relief not issue.  The Plaintiffs have a substantial likelihood of success on the merits, and the equities weigh in favor of the Plaintiffs.  There is an extreme need for urgency, and the Plaintiffs will be irreparably prejudiced unless this matter is heard and decided.

23.    The aforesaid acts of Defendants amount to a past, prior and future restraint of each Plaintiff's First Amendment freedoms, and have taken and deny the Plaintiff Aretakis of a property right without due process and in an arbitrary and capricious manner and in denial of his equal protection and other rights.

## PARTIES

24.    Plaintiff John A. Aretakis (hereinafter "Aretakis") is a resident of the City of New York, County of New York and State of New York and is and has been an attorney in good standing since 1986.

25.    Aretakis was sworn in as an attorney in 1986.  Because he graduated from Albany Law School, Albany, New York, he was sworn in the Third Department.  In 1986-87, the Plaintiff Aretakis attended Law School at Georgetown obtaining a Masters' in Law.  For the past nineteen years, the Plaintiff has primarily practiced law in New York City and the surrounding boroughs.  For the past years, including the entire time relevant to the matters contained herein, the Plaintiff Aretakis has primarily resided in New York City.

26.    In 1996 the Plaintiff served his Jury Service in New York City and in 2004 the

Plaintiff served thirty days of Grand Jury Service in New York City. The Plaintiff pays taxes in New York City and votes in New York City and has a primary residence in New York City.

27.     Fr. Robert M. Hoatson is a resident of the State of New Jersey and has litigation pending in New York City Supreme Court with the Plaintiff Aretakis as his only counsel.

28.     Plaintiff Caroline Nicholson (hereinafter ("Nicholson")  is a resident of England and has litigation pending in New York State Supreme Court and has the Plaintiff Aretakis as her only counsel, and said case has a trial date pending in less than two months. Both Plaintiffs Hoatson and Nicholson will be harmed and/or deprived of the counsel of their choosing should equitable relief not issue, and each will be prejudiced should the requested relief not issue.

29.     The Defendant COPS is a government agency that comes under the auspices of the Appellate Division, Third Department and is empowered with discretion and prosecutorial discretion to pursue attorneys for violations of the Code.

30.     Upon information and belief, a chief attorney's inquiry is a complaint against an attorney with no complainant. What occurs is Mark Ochs, in his sole discretion and subjective interpretation of a set of facts he reads about in the newspaper or learns about from unknown sources, may launch an inquiry against an attorney.

31.     The Defendant Mark Ochs has commenced Chief Attorney Inquiries on numerous occasions against the Plaintiff in the last six years. If the actions as alleged by the Plaintiffs are true, which they are, then the government is acting for, and acting as an agent of the Catholic Church in its efforts to harm the Plaintiff Aretakis and chill his rights of effective representation of victims of abuse adverse to the Church.

32.      Upon information and belief, COPS generally investigates and prosecutes

6

attorneys that primarily practice and work in the Third Department.

33.     The Defendant William Keniry is a private attorney who at all relevant times was adverse to the Plaintiff Aretakis on pending cases, and he works for and is on the Executive Committee of Defendant COPS.

34.     In May and June of 2007, the Defendant Keniry and Plaintiff Aretakis had a hotly contested civil bench trial, and a judgment was executed on the Defendant Keniry's clients' behalf on or about January 15, 2008.  In February and March of 2008, the Defendant Keniry had attachments and garnishments on over $300,000.00 cash and assets of the Plaintiff's client, which caused personal and professional animosity and accusations of improper conduct by Mr. Keniry in the manner and service of the restraints.  In or about the same month of March 2008 over objection and a request by Plaintiff Aretakis for recusal or disqualification**,** the Defendant Keniry sat in on and voted as a Member of the Executive Committee of COPS for the Plaintiff's Admonishment and the Specification and Charges**.**

35**.**     In a clear violation of due process and fundamental principles of fairness, the Defendant Keniry refused to recuse himself from disciplinary matters involving his adversary, the Plaintiff John Aretakis.

36.     Pursuant to New York State Judiciary Law, The Third Department New York State Committee on Professional Standards (COPS), by and through their interpretation of the Code, and by their application of said Code, infringe upon Plaintiffs Robert Hoatson, Caroline Nicholson and John Aretakis' Constitutional rights to free speech, equal protection, and right of association, as guaranteed by the United States arid New York Constitutions, as well as fundamental rights of fairness and right to be free from unnecessary or unjust government power.

7

37.     COPS is the agency of the State of New York having jurisdiction and power to receive complaints, investigate, conduct hearings, initiate Chief Attorney's Inquiries and make determinations with respect to attorneys who have allegedly violated the New York Code of Professional Responsibility, and have imposed and seek to further impose or seek sanctions or punishment against the Plaintiff Aretakis for violations of said Code.

38.     The sanctions that may be imposed in the event the Commission finds an attorney guilty of misconduct are numerous and include removal from the Bar**,** censure or suspension and other severe public punishment.

39.     Defendants by merging three separate Formal Written Complaints (hereinafter Admonishment) charged Aretakis with separate counts of attorney misconduct.  Although the Admonishment was made by three separate parties, all of whom are or were adverse to the Plaintiff Aretakis, these three complaints resulted in an Admonishment originally on five particular and separate vague and ambiguous acts.  The February 19, 2008 original Admonishment is attached to the Plaintiff's Affidavit as an exhibit.

## 1.     THE ADMONISHMENT

40.     The Complaint resulting in an Admonishment originally included five (5) charges against Aretakis**,** each alleging violations of the Code:  1-102(A) (4), 1-102(A) (5), 1-102(A) (7), and 7-102 (A)-1.  The actual letter of Admonishment dated February 19, 2008 is attached as an exhibit to the Plaintiff's Affidavit.

41.     The Admonishment was confirmed by the Appellate Division, Third Department, and as modified constitutes a final punishment on the Plaintiff that has adversely affected the Plaintiff's rights, and ability to practice law.

42.     The Court is respectfully requested to review the Admonishment as it has

8

allegations and findings involving the Plaintiff's private and personal behavior and it is not related to attorney ethics.

## SPECIFICATIONS AND CHARGES

43.     The  Specifications and Charges were filed in a Notice of Petition and Petition dated March 6, 2008.

44.     The Specifications and Charges alleges that by reason of the foregoing, Plaintiff Aretakis violated the Code of Professional Responsibility (hereinafter the "Code").  The actual Specifications and Charges and the Defendant COPS' Notice of Motion, dated May 21, 2008 for a finding of guilt, and setting down the punishment is attached to the Plaintiff Aretakis' Affidavit as Exhibit "A."

45.     Although none of the actual Code Sections are set out in Exhibit "A", the Specifications and Charges have found the Plaintiff Aretakis guilty of the following vague disciplinary rules:

a)      engaging in conduct that adversely reflects on his fitness as an attorney;

b)      asserted positions which served to harass or maliciously injure others;

c)      knowingly made false statements of fact and law;

d)      engaging in undignified and discourteous conduct degrading the Courts; and

e)      making false accusations against judges which were prejudicial to the administration of justice.

46.     The relevant Sections of the Code upon which the Defendants have punished the Plaintiff are set out herein.

**CODE OF PROFESSIONAL RESPONSIBILITY**
**CANON 7**
**A LAWYER SHOULD REPRESENT A CLIENT ZEALOUSLY**
**WITHIN THE BOUNDS OF THE LAW**

**DR 7-102 [22 NYCRR 1200.33] Representing a Client Within the Bounds of the Law.**

A.  In the representation of a client, a lawyer shall not:

1.  File a suit, assert a position, conduct a defense, delay a trial, or take other
Action on behalf of the client when the lawyer knows or when it is obvious
That such action would serve merely to harass or maliciously injure another.

2.  Knowingly advance a claim or defense that is unwarranted under existing law,
except that the lawyer may advance such claim or defense if it can be supported
by good faith argument for an extension, modification, or reversal of existing
law.

3.  Conceal or knowingly fail to disclose that which the lawyer is required by law
to reveal.

4.  Knowingly use perjured testimony or false evidence.

5.  Knowingly make a false statement of law or fact.

6.  Participate in the creation or preservation of evidence when the lawyer knows or it is
obvious that the evidence is false.

7.  Counsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent.

8.  Knowingly engage in other illegal conduct or conduct contrary to a
Disciplinary Rule.

B.  A lawyer who receives information clearly establishing that:

1.  The client has, in the course of the representation, perpetrated a fraud upon
a person or tribunal shall promptly call upon the client to rectify the same,
and if the client refuses or is unable to do so, the lawyer shall reveal the
fraud to the affected person or tribunal, except when the information is
protected as a confidence or secret.

2.  A person other than the client has perpetrated a fraud upon a tribunal shall
Personally reveal the fraud to the tribunal.

10

**CODE OF PROFESSIONAL RESPONSIBILITY**
**CANON 1**
**A LAWYER SHOULD ASSIST IN MAINTAINING THE INTEGRITY AND**
**COMPETENCE OF THE LEGAL PROFESSION**

**DR 1-1-2 [22 NYCRR 1200.3] Misconduct.**

A.     A lawyer or law firm shall not:

1.   Violate a Disciplinary Rule.

2.   Circumvent a Disciplinary Rule through actions of another.

3.   Engage in illegal conduct that adversely reflects on the lawyer's honesty. Trustworthiness or fitness as a lawyer.

4,   Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

5.   Unlawfully discriminate in the practice of law, including in hiring, promoting or otherwise determining conditions of employment, on the basis of age, race, creed, color, national origin, sex, disability, marital status, or sexual orientation.  Where there is a tribunal with jurisdiction to hear a complaint, if timely brought, other than a Departmental Disciplinary Committee, a complaint based on unlawful discrimination shall be brought before such tribunal in the first instance.  A Certified copy of a determination by such a tribunal, which has become final and enforceable, and as to which the right to judicial or appellate review has been exhausted, finding that the lawyer has engaged in an unlawful discriminatory practice shall constitute prima facie evidence of professional misconduct in a disciplinary proceeding.

7.   Engage in any other conduct that adversely reflects on the lawyer's fitness As a lawyer.

11

47.     Since many of the allegations and charges in the Admonishment involve private behavior, and not action involving a client or a case, aspects of the allegations against the Plaintiff are without merit.

48.     The Defendant COPS is not set up to make findings of a "he said, she said" dispute."

## THE PURPOSE OF THIS COMPLAINT

49.     The purpose of this action is to obtain declaratory and injunctive relief, declaring facially unconstitutional, as a violation of the First and Fourteenth Amendments to the United States Constitution and Article I, §§ 8, 9, and 11 of the New York State Constitution, Sections of the Code Professional Standards, as sections of the Code as applied in selective, arbitrary and capricious manner and toward the Plaintiffs Aretakis, Hoatson and Nicholson.

50.     The purpose of this action is further to obtain declaratory and injunctive relief, declaring as unconstitutional as applied, in violation of the First and Fourteenth Amendment to the United States Constitution and Article I, §§ 8, 9, and 11 of the New York State Constitution, Sections 1-102 (A) (4), 1-102 (A) (5), 1-102 (A) (7), 7-102 (A) (1), of the Code of Professional Responsibility.

51.     The purpose of this action is further to temporarily and/or to permanently enjoin Defendants from pursuing in any fashion, the Admonishment and Specifications and Charges pending the resolution of this action.   The Order to Show Cause and accompanying documents seeks immediate and temporary relief until the case may be heard on the merits.

52.     Plaintiffs have no adequate remedy at law, and the Defendants have already

unconstitutionally taken or effected property of the Plaintiff in an arbitrary and capricious manner, and have subjected the Plaintiffs to a substantial and manifest injustice and improper use of the power of the government.

53      In decisions dated August 15, 2008 and October 3, 2008 the Appellate Division, Third Department has confirmed the punishments and unjust findings by Defendant COPS.

54      In coming to its findings, the Appellate Division was improperly and disingenuously misled by a false and fabricated legal argument by the Defendant COPS on collateral estoppel.

55.     The Defendants have violated the Plaintiffs' civil and human rights, and a significant and substantial constitutional right is being or has been infringed, such that action by this Court is appropriate.

56.     The Plaintiff has filed with this Complaint, an Order to Show Cause, and a detailed Affidavit and Exhibits and the Plaintiff incorporates by reference the Affidavit of the Plaintiff, and all other Affidavits of the Plaintiff that are exhibits.

## FIRST CLAIM FOR RELIEF.

57.     The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

58.     Sections of the Rules of Professional Conduct on their face, blatantly and unequivocally restrict the ability of attorneys and specifically Aretakis from speaking out and expressing his views and advocating for clients, and freely associating with individuals with who said attorney would otherwise choose to associate.

59.     The Defendants have embarked in a six-year pattern to unfairly investigate and prosecute ethical violations against the Plaintiff Aretakis based on vague, general and

ambiguous Sections of the Code.

60.     The Defendants, located in Albany, and repeatedly targeted the Plaintiff for actions, cases and matters located in New York City, and knowing that the Plaintiff primarily resides in New York City.

61.     Participating in the litigation process, including filing of claims in an effort to extend statues of limitations for the sexual abuse by Catholic priests, challenging Courts and making motions is at the core of the rights guaranteed by the First Amendment to the United States Constitution and Article I, §§ 8, 9, and 11 of the New York State Constitution.

62.     Upon information and belief, Sections of the Code are not narrowly tailored to serve a compelling State interest and are therefore, facially unconstitutional and void, as well as ambiguous and vague.

63.     Upon information and belief, the Admonishment and Specifications and Charges are not brought in good faith and are motivated by a pretext or a desire to single out the Plaintiff Aretakis for effective representation of clergy sexual abuse victims and justified criticisms of the church.

64      Upon information and belief, other similarly situated attorneys continually engage in the types of conduct for which Aretakis is now under investigation and punished, without any negative consequences thereby, and without any threat of sanction or punishment or Admonishment which has already issued, and there is unequal and disparate treatment against the Plaintiff.

65.     Upon information and belief, there is no rational basis for the disparate treatment given Aretakis vis a vis other attorneys and the application of the Code to Aretakis with respect to the charges contained in the Admonishment and the Specifications and Charges

14

is arbitrary and capricious and a violation of his right to equal protection.

66.     There is no legal or factual precedent for the Defendant COPS' actions and punishment toward the Plaintiff Aretakis.

67.     The Defendants COPS, Ochs, Gaynor and Keniry are and have unfairly punished and targeted the Plaintiff due to the fact that the Plaintiff is and has been one of only two attorneys in New York State who has represented hundreds of victims of clergy sexual abuse on a full time basis, and is believed to have successfully or effectively exposed the dysfunction or the concealment of predatory priests.

68.     Aretakis is adversely affected by Sections of the Code because he is currently the subject and recipient of an Admonishment and Specifications and Charges which have resulted in punishment or possibly immediate disbarment or suspension, and same would also unfairly and unnecessarily punish the Plaintiffs Hoatson and Nicholson and other clients and cases of the Plaintiff.

69.     Further due to Defendants' interpretation of Sections of the Code, Aretakis has refrained from speaking out on issues that concern him, has refrained from speaking at or otherwise associating with clients, victims of abuse or other persons despite his desire to do so, out of fear that he will be the subject of sanctions and continued punishment and has been caused to have a prior restraint on his free speech rights.

70.     Under the Code, an attorney such as Aretakis is mandated and required to advance his clients' interests, including making motions to recuse, alleging discriminatory treatment and follow an ethical statute commonly referred to as the "Disclosure Authorities Rule" which requires an attorney to disclose crimes, unethical or improper conduct of other attorneys or judges.

15

71.     The Plaintiff has been punished by Defendants for speaking out freely, expressing opinion speech, and for advocacy of victims of sexual abuse.

72.     Hoatson is adversely affected by the actions taken by Defendants against Aretakis because the threat of sanctions and punishment against Aretakis, and the possibility of like threats against other victims of clergy sexual abuse and impedes his freedom of speech, including his ability and desire to be represented by the counsel of his choice, namely Aretakis.

73.     Nicholson is adversely affected because, as a client of Aretakis, she is restrained from using Aretakis out of concern that said association would adversely impact her, and has an impending trial in which she is represented solely by Aretakis.

74.     By reason of the foregoing, Plaintiffs' right to free speech, equal protection, and freedom of association have been violated and the offending Code sections amount to a prior restraint on each Plaintiffs free exercise of his or her First Amendment freedom's of speech and association.

75.     The vast majority of the allegations made by the Defendants had to do with the exercise of my First Amendment liberties, including Plaintiff's right to associate with those of his own choosing, and Plaintiff's right to free expression.

76.     The treatment the Plaintiff is receiving in many regards is distinct from the treatment given other members of the Bar.

77.     As a result of the plain language of the Code and the interpretation given said Code by the Defendants, as well as the charges and punishments already imposed, the Plaintiff has refrained from participating in the above referenced activities, despite Plaintiff's desire to do so and despite the Plaintiff's belief that the Plaintiff has a clear First Amendment right to engage in such activity.

78.     Out of concern that additional charges will be levied against the Plaintiff and the concomitant threat of sanctions, the Plaintiff has refrained from exercising his free speech and associational rights and will continue to do so until a Court declares the Code and its interpretation to be unconstitutional or the Code is modified to eliminate the unduly restrictive provisions contained therein

79.     Although the Plaintiff wishes to undertake the activities referenced above the Plaintiff continues to decline to do so and thus is irreparably harmed with respect to the Plaintiff's free speech and associational rights by the unconstitutional provisions of the Code.

80.     If the Plaintiff is forced to proceed with the hearing with respect to the charges brought against the Plaintiff by Defendants which is scheduled to comment on November 18, 2008, it is possible that the Plaintiff will be subject to sanctions which could include further admonishment, public censure or suspension from the Bar.  To be disciplined prior to having Plaintiff's challenge to the constitutionality to the Code provisions pursuant to which the Committee's charges are made, would subject the Plaintiff to irreparable harm.  Any form of discipline would improperly punish the Plaintiff for exercising the Plaintiff's constitutional rights of free speech and association and continue to curtail the Plaintiff's ability to exercise these rights.

81.     Further, because the Admonishment and Specifications and Charges issued by the Commission are predicated on Aretakis' exercise of his First Amendment rights of free speech and association, they constitute impermissible First Amendment Retaliation, and have proximately damaged the Plaintiffs.

**SECOND CLAIM FOR RELIEF**

**UNCONSITITUIONAL APPLICATION OF THE CODE TO RESTRICT THE ABILITY OF THE PLAINTIFF TO REPRESENT CLIENTS, FREELY ASSOCIATE WITH OTHERS AND ENGAGE IN FREE SPEECH**

82.     The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

83.     Upon information and belief, Defendants are interpreting and applying Sections of the Code, as cited in the Admonishment and Specifications and Charges, in a manner which restricts the ability of an attorney and the Plaintiff from fully participating in the adequate and proper representation of clients, and process cases, advancing his and his clients' interests**,** speaking out and expressing views, and associating freely with individuals with whom said attorney would otherwise choose to associate or represent.

84.     Participation in the litigation process through active debate and advocacy, the free exchange of ideas, making motions and unfettered expression of viewpoints is at the core of the rights guaranteed by the First Amendment to the United States Constitution and Article I, §§ 8, 9, and 11 of the New York Constitution.

85.     Upon information and belief, Defendants' application of Sections of the Code to Aretakis is unconstitutional because they impermissibly seek and actually have punished Aretakis for exercising his right to free speech and right of free association and arbitrarily and capriciously enforced vague statutes and there exits no compelling State interest that is advanced by Defendants' actions.

86.     Upon information and belief, the Admonishment and Specifications and Charges are not brought in good faith and are motivated by a desire to single out Aretakis for the representation of clients adverse to the Catholic Church and/or because the Plaintiff is not a

Catholic, and due to the Plaintiff's legitimate, lawful and mandated criticisms of the church and/or public officials.

87.     The Plaintiff has received disparate treatment and has been selectively targeted with thirty-five to forty complaints, investigations and Chief Attorney's Inquiries by the Defendants in the last six year, which is the exact same length of time as clergy sexual abuse matters have garnered extreme public interest.

88.     Upon information and belief, other similarly situated attorneys routinely engage in the types of expressive or private conduct for which Aretakis is now punished for and under investigation, without any negative consequences thereby, and without any threat of sanctions or punishment.

89.     Upon information and belief, there is no rational basis for the disparate treatment given Aretakis vis a vis other attorneys, and the application of the Code to Aretakis with respect to the charges contained in the Admonishment and Specifications and Charges is arbitrary and capricious and a violation of his right to equal protection.

90.     Some of the conduct alleged in the Admonishment is private action and behavior by a private citizen and New York has no rational basis for treating attorneys in general, differently than other individuals.

91.     Plaintiffs are adversely affected by the application of Sections of the Code because Aretakis is currently the subject of an Admonishment and Specifications and Charges, and he has already undergone punishment and could result in his removal from being an attorney in good standing or further unfair punishment.

92.     Further, due to Defendants' interpretation of the Code, Aretakis has refrained from speaking out on issues that concern him, has refrained from speaking at, or otherwise

associate or actively engage in free speech with members of victims of clergy sexual abuse, despite his desire to do so, out of fear that he will be the subject of sanctions or further unfair punishment.

93. Hoatson is adversely affected by the actions taken by Defendants against Aretakis because the threat of sanctions against Aretakis, and the possibility of like threats prevents and impedes his freedom of speech, including his ability and desire to have Aretakis represent him in New York County cases.

94. Nicholson is adversely affected because, as a client of Aretakis in New York County Supreme Court, she is restrained from associating with Aretakis out of concern that said association would adversely impact Aretakis, including her ability and desire to have Aretakis represent her in a trial that will commence in less than two months.

95 By reasons of the foregoing, Plaintiffs' right to free speech, equal protection, and freedom of association have been violated and the offending and unconstitutional Code Sections or the unconstitutional application of vague statutes to the Plaintiff amount to a prior restraint on each Plaintiff's free exercise of his First Amendment freedoms of speech and association.

96. Further, because the Admonishment and Specification and Charges issued by COPS are predicated on Aretakis' exercise .of his First Amendment rights of free speech and association; they constitute impermissible First Amendment Retaliation and prior restraint on speech and a chilling of free speech rights.

97. In the Plaintiff's Affidavit, the Plaintiff has set out that the same actions that are proper and lawful by the Plaintiff done in the First Department are determined in the Third Department to be unethical and subject to investigation.

98. Due to the Plaintiff's status primarily as a First Department attorney, said

actions deny the Plaintiff Equal Protection.

## THIRD CLAIM. FOR RELIEF

## UNCONSTITUTIONALLY-VAGUE LANGUAGE OF THE CODE

99.     The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

100.   The relevant Sections of the Code compel an attorney to not engage in conduct that adversely reflects on the lawyer's fitness as a lawyer 1-102 (A) (7).  This is arbitrary, vague and does not give a party any notice of what actions violates this Section. Section 1-102 A (5) states that an attorney shall not "engage in conduct that is prejudicial to the Administration of Justice." This is also vague and ambiguous and provides no notice as to what behavior or actions violate this Section.

101.   Code Section 7-102 (A) (1) states that an attorney "shall not file a suit or assert a position . . . when the lawyer knows what is obvious that such action would serve to merely harass or maliciously injure another."  These and further Sections of the Code are vague and general and in the Admonishment there is no specified behavior that is violative of these and other Sections of the Code.

102.   There is no action or conduct that is addressed by such vague and ambiguous language.

103.   Upon information and belief, the Code Sections asserted by the Defendants in the Admonishment and Specifications and Charges are impermissibly vague because they fail to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that he or she may act accordingly.   .

104.   Upon information and belief, the vagueness of the offending Code Sections

enumerated above allow for arbitrary and discriminatory enforcement, delegating to COPS the ability to set policy on a subjective, arbitrary, and discriminatory basis.

105.    In the Specifications and Charges, the Defendants set out multiple paragraphs of dicta from Court decisions, and they request and set out that collateral estoppel applies (when it does not) and the Defendants fail to specify the actual behavior is supposedly violative of the Code.

106.    By reason of the foregoing, Code Sections set out are unconstitutionally vague, and are unconstitutionally set out as and against the Plaintiff.

## FOURTH CLAIM FOR RELIEF

## UNCONSTITUTIONAL OVERBREADTH OF THE CODE

107.    The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

108.    Code Sections set out herein prohibits attorneys from effectively advocating for a client and violates Plaintiffs' First Amendment rights to free speech and association, without any limitation whatsoever on the types of litigation or private activity restricted.

109.    The Defendants fail to consider ethical requirements that attorneys have a duty to set out what is believed to be reasons for recusal, conflicts of interest or other improprieties.

110     By reason of the foregoing, Code Sections set out as applied against the Plaintiff are overbroad, in that they sweep within their ambit activities protected by the First and Fourteenth Amendments to the United States Constitution without a concomitant compelling state interest.

## **FIFTH CLAIM FOR RELIEF**

### **PRIOR RESTRAINT OF PLAINTIFFS' FIRST**
### **AMENDMENT RGHTS TO FREE SPEECH AND ASSOCIATION**

111.   The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

.   112   Code Sections explicitly and unequivocally prohibits attorneys making speeches and otherwise expressing their viewpoints on behalf of clients.

113.   The Defendants fail to acknowledge that there is a disciplinary rules commonly referred to "Disclosure to Authorities Rule."

114.   As such, the Defendants' attempt at their subjective application of the Code toward the Plaintiff, has tortiously interfered with the Plaintiff's business and ability to advocate and litigate for clients.

115.   The Defendants' actions have an illegal and unfair restraint on trade and on the Plaintiff's business and have taken property without due process.

116   With the narrow exception granted as part of the liberty guaranteed by the First and Fourteenth Amendments to the United States Constitution.     -

117.   The Code Sections set out herein constitute a limitation and condition in advance of the exercise of protected First Amendment activity, including Plaintiffs' right to free speech and association.

118.   The Code Sections set out herein are not in furtherance of a compelling State interest, and are directly aimed at suppressing the. free expression of attorneys or a targeted person.

119.    The Defendants' actions have compelled the Plaintiff to restrict his speech and have chilled his ability and ethical duty to speak out and advance his clients' interests.

120.    By virtue of the foregoing, these Code Sections constitute a form of prior restraint.

## SIXTH CLAIM FOR RELIEF

**THE PLAINTIFF HAS ALLEGED THE DEFENDANTS VIOLATED
THE PLAINTIFFS' CIVIL AND CONSTITUTIONAL AND RIGHTS
UNDER 42 USC §1983 AND §1988
SPECIFPECIFICATIONS AND CHARGES**

121.    The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

122.    Plaintiff's action for equitable relief and damages is authorized by:

(a)    42 U.S.C. § 1983, which provides for redress for the deprivation under color of any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges or immunities secured to all citizens or persons within the jurisdiction of the United States;

(b)    The First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States;

(c)    Other causes of action, either under federal or state law, which are unknown to the plaintiff at this time but may be ascertained by discovery and asserted at a later time; and

(d)    42 U.S.C. § 1988, which authorizes plaintiff's application for attorneys' fees and provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of 42 U.S.C. § 1983.

123.   Defendant OCHS is accountable under 42 U.S.C. § 1983 when he knew or was deliberately indifferent to misconduct, and yet failed to prevent future harm.  Defendants are sued in their individual and official capacities as well as for misusing the color of their office.

124.   Defendant OCHS is or was the policy maker for the COPS regarding the training and supervision of his employees.  As such, he is accountable under 42 U.S.C. § 1983 when he knew or was deliberately indifferent to misconduct, and yet failed to prevent future harm.  He is sued in his individual and official capacities.

125.   Defendant OCHS at all times relevant to this Complaint, an agent of COPS acting jointly with them and on their behalf.  See *Lusby v. T.G. & Y. Stores, Inc*., 749 F.2d 1423, 1429 (10th Cir.1984), cert. denied, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985).  Defendant OCHS and Defendant Gaynor are being sued in their individual capacity and in their capacity as an agent for the government.

126.   The Plaintiff has repeatedly advised the Defendant Ochs and Defendant COPS that the Defendant Gaynor is and has been a devout Catholic and the Defendant Gaynor and his family have longstanding relationships with the Albany Diocese and the Catholic Church, and his actions toward the Plaintiff are motivated by same.

127.   Since the onset of the clergy sexual abuse crisis in 2002, the Defendants, specifically Gaynor and Ochs have acted in a manner to initiate and prosecute numerous ethical claims, charges, Chief Attorney Inquiries and cases against the Plaintiff, all without any merit or legitimate claim and known by the defendants to be without any merit.

128.   The complaint of an alleged predatory priest namely Fr. Carl Urban involved matters which even if true, could not be prosecuted by the Defendant COPS.  Said complaint was tantamount to a "he said, she said" in which COPS could not and is not able to resolve or even

investigate.

129.   Another example is an investigator for COPS contacting a client of the Plaintiff, and advising that client that a disciplinary complaint was lodged against JOHN A. ARETAKIS, and then questioned that client about same.

130.   This act not only violated 90(10) of the Judiciary Law, but also violated constitutional and attorney-client law and confidentiality.  This contact and communication was violative of a statute and also defamatory and slanderous.

131.   The defendants were interviewed by the *New York Law Journal* on September 28, 2004.

132.   An article ran on September 29, 2004 which had the effect of the Plaintiff being critical of the Defendants for their pursuit of the Plaintiff and acting as an agent of the Catholic Church.

133.   On September 30, 2004, the Defendant filed formal Specifications and Charges against the Plaintiff.  After having to move to dismiss this Specifications and Charges, the Appellate Division dismissed these charges in 2004.  This was retaliatory and a misuse of their office, and further indicia of bad faith by the Defendants.

134.   The actions of the Defendants caused the unconstitutional investigation of Plaintiff who was investigated without cause.  The Defendants knew, or should have known, that probable cause to investigate Plaintiff did not exist and that the investigation was procured with bad faith and an intent to harm the Plaintiff.  The actions of the Defendants OCHS and COPS violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

135.   COPS by and through its relevant final policymaker, MARK OCHS, and by and

26

though patterns, customs and practices otherwise adopted and utilized by the COPS had in effect, both before and at the time of the events alleged in this complaint, policies, practice and customs that operated to deprive the Plaintiff ARETAKIS of his constitutional rights.  Defendant OCHS is being sued for these unconstitutional activities in his individual and official capacities.

136.    These policies include, but are not limited to:

a)    A policy, practice and custom of failing to train officers regarding what constitutes violation of 90(10) and a proper reading of *Matter of Capoccia*, and a just investigation, prosecution and judicial processing of cases.

b)    A policy, practice and custom of cultivating and chilling free speech.

c)    A policy, practice and custom of failing to train and supervise officers in the techniques of investigating serious violations of the case.

d)    A policy, practice and custom of using prosecuting slander or libel cases on behalf of prospective litigants or complainants in disciplinary matters against the Plaintiff.

e)    A policy, practice and custom of allowing complaints on cases that are pending and complaints made by adversaries, as opposed to of clients by their own lawyers.

f)    A policy, practice and custom of failing to discipline officers who violate the Constitution or law or otherwise transgress the rights of lawful lawyers.

g)    A policy, practice and custom of investigating crimes in a manner designed to prove a case against convenient suspects by procuring unreliable evidence.

h)    A policy, practice and custom of condoning and/or being deliberately indifferent to violation by law enforcement officers of the rights of the accused.

i)    A policy, practice and custom of failing to adequately investigate unconstitutional conduct by officials and other misconduct detrimental to the fair administration

of justice.

j)      A policy of having or allowing the Defendant Keniry to vote or participate in the punishment of the Plaintiff.

k)      A policy, practice and custom of failing to remedy the effects of unconstitutional activity, illegal activity and conduct undermining the fair administration of justice once the misconduct is known

l)      A policy of being influenced by devout Catholics loyal to the Church, which is adverse to the Plaintiff on hundreds of matters and allowing Mr. Gaynor to prosecute the Plaintiff.

m)      A policy of using the legal concept of collateral estoppel to give binding effect to Court decisions when the Defendants know that collateral estoppel does not apply.

n)      A policy of targeting the Plaintiff and selectively investigating the Plaintiff for a continuous period of six years.

137.    These interrelated policies, practices and customs separately and together, were implemented intentionally to deprive possible respondents of ethical investigations of their constitutional rights and/or with deliberate indifference to the constitutional rights of those who came under investigation.  These interrelated policies, practices and customs separately and together were a direct and proximately cause of the constitutional violations and injuries as set forth in Count 1 of this complaint.

138.    These practices, which were in contravention of 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment, resulted in the unfair prosecution of the Plaintiff.

139     The Defendants have unfairly merged complaints that have no connection to each other in an effort to enact unfair punishment on the Plaintiff.  The Defendants have also used

complaints of 2003, 2004, 2005 to enact punishment of the Plaintiff in 2008.

140.    The Defendants mentioned in this Count were well aware of these problems and failed to take adequate steps to resolve the problems, thus violating the Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. § 1983.

141.    Attempting to punish an innocent lawyer is shocking to the conscious of reasonable persons.

142.    The Defendants OCHS and COPS each in concert with the other did willfully, unlawfully, maliciously and improperly use the Court's process primarily for an ulterior or improper purpose and as a result of these actions and omissions the Plaintiff did suffer great distress, pain, anguish, fear and suffering and monetary damages.

143.    In an irony that cannot go unnoticed, the Defendants have intentionally and falsely attempted to use collateral estoppel while knowing this does not apply.  The Defendants have thus asserted a legal position contrary to established law, which is an ethical statute the Defendants attempt to prosecute the Plaintiff for.

**SEVENTH CLAIM FOR RELIEF**

**THE TAKING OR HARMING OF THE PLAINTIFF'S PROPERTY
BY THE GOVERNMENT WITHOUT DUE PROCESS**

144.    The Plaintiffs repeat and reallege each and every paragraph herein with the same force and effect as the paragraphs previously set forth above.

145.    The Defendants have taken property from the Plaintiff Aretakis without due process, and in contravention to the Constitution.

146.    The Plaintiff is and has been an attorney in good standing for twenty-three years.

147.    During the last six years, the Plaintiff has been one of only two attorneys in the State of New York that predominantly handles and represents victims of clergy sexual abuse.

148.    That in an effort to harm or unfairly punish the Plaintiff, the Defendants have investigated or commenced Chief Attorney's Inquires on thirty-five to forty matters against the Plaintiff in the same six year period of time that clergy sexual matters have been in the public domain.

149.    The Defendants have actually harmed the Plaintiff by filing Specifications and Charges and advancing a known false legal argument on the Court that collateral estoppel applies, and have prosecuted and found the Defendant guilty of same.  As such the Defendants, an arm of the government, has illegally and improperly taken property of the Plaintiff without due process and in violation of constitutional rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray for the following relief:

1.    Declaratory relief and or findings as follows:

A.    Relevant Sections of the Code of Professional Conduct, in general or specifically applied to the Plaintiff Aretakis to be unconstitutional, or prosecuted in an unfair and bad faith manner which restrict their free expression of viewpoints, and restrict the Plaintiffs' right to freely associate with those of their own choosing, violate the Plaintiffs' free speech, equal protection, selective enforcement of vague and unconstitutional statutes and associational rights provided for in the United States and New York Constitutions.

B.    Relevant Sections of the Code of Professional Conduct as interpreted and applied by Defendants and asserted in the Admonishment and Specifications and Charges against Plaintiff John A. Aretakis, violate Plaintiffs' free speech, equal protection, and associational rights provided for in the United States and New York Constitution.

2.    Temporary and permanent injunctive relief as follows:

A.   Issuing a temporary and permanent injunction enjoining the Committee (COPS) and its agents and employees from enforcing the unconstitutional Sections of the Code of Professional Conduct **or** the Sections of the Code in an unconstitutional and bad faith manner by the Defendants against the Plaintiff Aretakis.

B. Issuing a temporary and permanent injunction enjoining the Committee (COPS) and its agents and employees from pursuing, in any fashion whatsoever, the Admonishment and Specifications and Charges.

C.  To find the relevant Sections of the Code unconstitutional or unconstitutional as applied to the Plaintiff Aretakis.

D.  To stop the hearing on further punishment of the Plaintiff scheduled for November 18, 2008.

3.    The discontinuance or dismissal of the Admonishment and Specifications and Charges with prejudice against the Plaintiff.

4.    The order of the change in venue from the Third Department to the First Department.

5    Awarding to the Plaintiffs their reasonable attorney's fees and costs of suit pursuant to 42- U.S.C. 1988.

6.    Such other and further relief as the Court deems just and proper.

By:  ____/s/_____
JOHN A. ARETAKIS
Bar Roll Number JA 7925
Pro-Se Attorney for Plaintiffs
353 East 54th Street
New York, New York 10022-4965
(917) 304-4885