**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JOHN A. ARETAKIS, FR. ROBERT M.                :
HOATSON, and CAROLINE NICHOLSON,         :
                                                                      :
                      Plaintiffs,          :
                                                                      :
          -against-                                  :
                                                                      :
COMMITTEE ON PROFESSIONAL                   :
STANDARDS, MARK OCHS, MICHAEL             :
GAYNOR, and WILLIAM KENIRY,                   :
                                                                      :
                 Defendants.        :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/09

08 Civ. 9712 (RMB) (KNF)

**ORDER**

## I.    **Background**

On December 8, 2008, John A. Aretakis ("Aretakis"), Fr. Robert M. Hoatson

("Hoatson"), and Caroline Nicholson ("Nicholson") (collectively, "Plaintiffs"), each proceeding

pro se, filed an Amended Complaint ("Complaint") against the State of New York, Supreme

Court, Third Department Committee on Professional Standards ("COPS"), Mark Ochs ("Ochs")

Chief Attorney and Counsel to COPS, Michael Gaynor ("Gaynor") a COPS staff attorney, and

William Keniry ("Keniry") an attorney and member of COPS' Executive Committee

(collectively, "Defendants"), pursuant to 42 U.S.C. §§ 1983, 1988, alleging, among other things,

that the Defendants have "unfairly and illegally target[ed] and maliciously prosecute[d]

[Aretakis] with meritless disciplinary charges due to [his legal] work involving clergy sexual

abuse." (Compl., dated Dec. 8, 2008, at ¶¶ 1, 56, 59–60.)  Plaintiffs also assert that Defendants'

alleged conduct has deprived Hoatson and Nicholson of Aretakis's legal services in violation of

the First and Fourteenth Amendments of the United States Constitution.  (Id.)

On February 19, 2008, COPS had issued a "letter of Admonishment" to Aretakis for

alleged violations of the New York State Lawyer's Code of Professional Responsibility

("Code"). (Id.) On March 6, 2008, COPS filed "Specifications and Charges" against Aretakis in

the New York State Supreme Court, Appellate Division, Third Department for alleged violations

of the Code, including, among others, "making false accusations against judges" and "knowingly

[making] false statements of law and fact." (Aff. of Michael Gaynor, dated Jan. 5, 2009

("Gaynor Aff."), at Ex. E.) And, on December 11, 2008, the New York State Supreme Court,

Appellate Division, Third Department found Aretakis guilty of professional misconduct and

suspended him from the practice of law for a period of one year, effective December 21, 2008.

In the Matter of Aretakis, 57 A.D.3d 1160, 1162–63 (N.Y. App. Div., 3d Dep't 2008). On

January 22, 2009, the New York State Court of Appeals dismissed Aretakis's appeal because "no

substantial constitutional question is directly involved." In the Matter of Aretakis, 11 N.Y.3d

919 (N.Y. 2009).

On January 7, 2009, Defendants filed a motion to dismiss ("Motion to Dismiss") pursuant

to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6). (Mem. of Law in

Supp. of Defs.' Mot. to Dismiss, dated Jan. 5, 2009 ("Defs. Mem.").) On January 30, 2009,

Plaintiffs filed an opposition. (Pls. Mem. of Law in Opp'n to Mot. to Dismiss, dated Jan. 30,

2009 ("Pls. Mem").) On February 12, 2009, Defendants filed a Reply. (Mem. of Law in Further

Supp. of Defs.' Mot. to Dismiss, dated Feb. 12, 2009 ("Reply").)

On July 1, 2009, United States Magistrate Judge Kevin N. Fox, to whom the matter had

been referred, issued a thorough Report and Recommendation ("Report"), recommending that

this Court grant Defendants' motion to dismiss because, among other reasons: (1) "the Rooker-

Feldman doctrine bars Aretakis from asserting claims, in this action, that the Code provisions he

was found guilty of violating are unconstitutionally vague and overbroad"; (2) "COPS, an arm of

the state judiciary, and Ochs, Gaynor, and Keniry, as state actors, enjoy Eleventh Amendment

immunity from suit in federal court"; (3) Plaintiffs' claims against Ochs, Gaynor, and Keniry in

their individual capacities for monetary relief "are barred by the doctrine of quasi-judicial

immunity"; (4) "pursuant to the doctrine of res judiciata" all of Aretakis's remaining claims for

prospective injunctive relief are barred because they "arise from the decision of the New York

State Supreme Court, Appellate Division, Third Department, to suspend Aretakis's license to

practice law" and they "relate to the same transaction, or series of transactions"; and (5) Hoatson

and Nicholson lack standing because they "do not have a 'legally protected interest' in being

represented by a suspended attorney." (Report at 11, 13, 15, 16, 19.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

Federal Rules of Civil Procedure, the parties shall have ten (10) days from the service of this

Report to file written objections." (Report at 20.)

On July 13, 2009, Aretakis filed objections to the Report ("Objections") arguing, among

other things, that the Rooker-Feldman doctrine does not apply because "this case is not

exclusively a direct review of a state court judgment, as it involves a longstanding pattern and

unrebutted evidence of COPS acting without jurisdiction"; "Eleventh Amendment immunity is

not a bar to this action" because "the claims in the [Complaint] and affidavits go far beyond

discipline and the one year suspension"; and res judicata does not apply because Aretakis "did

not and could not have pursued claims set out [in the Complaint] in any other court in the past."

(Objections at 10, 11.)  To date, Hoatson, Nicholson, and/or Defendants have not filed objections

to the Report.  Defendants did not respond to Aretakis' Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and**

**grants Defendants' Motion to Dismiss.**

3

## II.     Standard of Review

As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt all findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The court "shall make a de novo determination of those portions of the report or specified findings or recommendations to which an objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the plaintiffs are proceeding pro se, "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 U.S. Dist. LEXIS 6302, at *2 (E.D.N.Y. Jan. 12, 1999).

## III.    Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Report, Aretakis's Objections, and applicable legal authorities, and concludes that the determinations and recommendations made by Judge Fox are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Aretakis's Objections do not provide any basis for departing from the Report's recommendations.[1]

---

[1]     As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any of Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

(1)     **Rooker-Feldman Doctrine**

Judge Fox correctly determined that Aretakis's "challenges to the constitutionality of [the

Code] provisions . . . [and] to the filing of charges and specifications against him" are barred by

the Rooker-Feldman doctrine because they are "tantamount to complaining of an injury caused

by the state judgment and seeking its reversal."  (Report at 10–11 (quotations omitted)); see also

Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002) ("it is a well-

established principle that the Rooker-Feldman doctrine applies to reviews of New York State's

disciplinary proceedings against attorneys") (internal quotations and citations omitted).  And, "a

federal district court cannot entertain an original action alleging that a state court violated the

Constitution by giving effect to an unconstitutional state statute."  Howlett v. Rose, 496 U.S.

356, 370 n.16 (1990) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923) and

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483–84, n.16 (1983)); see

also In re Malone, 105 A.D.2d 455, 457 (N.Y. App. Div., 3d Dep't 1984) ("court's disciplinary

jurisdiction extends to New York attorneys who . . . transact business in this [Third]

Department.").

(2)     **Eleventh Amendment Immunity**

Judge Fox correctly determined that COPS "is an arm of the State and immune from suit

under the Eleventh Amendment" and Plaintiff's claims against Ochs, Gaynor, and Keniry in their

official capacities for monetary damages fail because they, "as state actors, enjoy Eleventh

Amendment immunity from suit in federal court."  (Report at 15); see also Bernstein v. New

York, 591 F. Supp. 2d 448, 461 (S.D.N.Y. 2008) (the Eleventh Amendment "immunizes a state

entity that is an 'arm of the State,' including, in appropriate circumstances, a state official acting

in his or her official capacity"); see also Capoccia v. Comm. on Prof'l Standards, No. 89 Civ.

5

866, 1990 U.S. Dist. LEXIS 17310, at *2 (N.D.N.Y. Dec. 20, 1990) (COPS "is the official body authorized under rules of the Appellate Division, Third Department to investigate allegations of attorney misconduct, to bring charges and to prosecute attorneys when charges are brought."); Truong v. Marcus, No. 04 Civ. 6863, 2006 U.S. Dist. LEXIS 90110, at *9 (S.D.N.Y. Dec. 12, 2006) (internal quotations omitted).

### (3)    Quasi-Judicial Immunity

Judge Fox also correctly concluded that dismissal is warranted of "the claims asserted against Ochs, Gaynor, and Keniry, for monetary relief in their individual capacities, for acts they took in connection with COPS . . . since such claims are barred by the doctrine of quasi-judicial immunity." (Report at 17); see also Brooks v. N.Y. State Supreme Court, No. 02 Civ. 4183, 2002 U.S. Dist. LEXIS 19914, at *5–6 (E.D.N.Y. Aug. 16, 2002) ("State bar disciplinary proceedings have been found to be 'clearly judicial in nature,' and thus quasi-judicial immunity is available to members of disciplinary committees and panels."); see also Thaler v. Casella, 960 F. Supp. 691, 700 (S.D.N.Y. 1997); Truong v. McGoldrick, 272 Fed. Appx. 70, 71 (2d Cir. 2008).

### (4)    Res Judicata

Judge Fox correctly concluded that "it is undisputed that the previous action, in state court, involved an adjudication on the merits, and that the state court action involved Aretakis" and Aretakis's "assertion of new legal theories . . . does not shield [his] claims . . . from dismissal, pursuant to the doctrine of res judicata." (Report at 19–20); see also Sassower v. Mangano, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (suspended attorney's "constitutional claims are barred by res judicata. The doctrine of res judicata bars subsequent litigation of claims which were raised or could have been raised in a prior proceeding involving the same parties or their

privies, which resulted in a judgment on the merits by a court of competent jurisdiction."); see also Brooks v. Giuliani, 84 F.3d 1454, 1464 (2d Cir. 1996).

## IV.    Conclusion and Order

The Court adopts Judge Fox's Report in its entirety, and, for the reasons stated herein and therein, Defendants' Motion to Dismiss the Complaint [#19] is granted.  The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
          July 27, 2009

_RMB_

**RICHARD M. BERMAN, U.S.D.J.**

7